UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA           x
                                   x    06 Cr. 377 (SWK)
        -against-                  x
                                   x    **OPINION AND ORDER**
TOSIF SIDDIQI,                     x
                                   x
        Defendant.                 x
-----------------------------------X

**SHIRLEY WOHL KRAM, U.S.D.J.**

The Court has before it a motion in limine filed by the defendant, Tosif Siddiqi ("Siddiqi"), which seeks: (A) to preclude the Government from introducing into evidence at trial a certain consensually-made audio recording; or, in the alternative, (B) to schedule a hearing to probe the audibility of that recording; or, further in the alternative, (C) leave to file an additional motion to preclude introduction of the Government's English-language translation of the audio recording. For the reasons that follow, the Court grants Siddiqi's request for an audibility hearing, but denies his motion in all other respects.

**I.    BACKGROUND**

For a more thorough statement of the procedural and factual history of this case, the reader is directed to the Court's Opinion and Order dated February 21, 2007. See <u>United States v. Siddiqi</u>, 06 Cr. 377 (SWK), 2007 WL 549420 (S.D.N.Y. Feb. 21, 2007)(granting Siddiqi's request for bill of particulars and

denying, inter alia, his request for suppression of evidence seized from his home). In brief, the indictment charges that Siddiqi accepted bribes, in violation of 18 U.S.C. § 666(a)(1)(B) and (b), during his employment as a project officer for the New York School Construction Authority ("SCA"). These bribes allegedly constituted payment for Siddiqi's consideration and approval of requests for payment and change orders submitted by an SCA contractor.

As proof that Siddiqi took unlawful bribes, the Government plans to introduce at trial a compact disc containing an enhanced recording of a conversation between Siddiqi and a cooperating witness during their meeting on November 22, 2004 (the "Recording"). In compliance with its obligations under Federal Rule of Criminal Procedure 16, the Government disclosed the Recording to the defendant. The defendant subsequently filed the instant motion in limine and provided the Court with a copy of the Recording.[1]

_____

[1] In its opposition letter, the Government indicates that it gave defense counsel "copies of audio recordings . . . [and] later provided counsel with a compact disc containing enhanced versions of . . . these audio recordings." (Gov't Letter 2, Sept. 17, 2007.) The defendant has only submitted to the Court a copy of the compact disc, rather than copies of the original, unenhanced audio recordings. Because the instant dispute seemingly concerns the introduction of the compact disc, the Court addresses the procedures to be employed in evaluating its admissibility. Nevertheless, to the extent that the Government intends to introduce copies of the original, unenhanced audio

## II.  DISCUSSION

"Unless the unintelligible portions [of a tape recording] are so substantial as to render the recording as a whole untrustworthy the recording is admissible, and the decision [to allow or exclude the recording] should be left to the sound discretion of the judge." United States v. Bryant, 480 F.2d 785, 790 (2d Cir. 1973) (quoting Monroe v. United States, 234 F.2d 49, 55 (D.C. Cir. 1956)). In exercising this discretion, courts are guided by the "clear preference for the admission of recordings notwithstanding some ambiguity or inaudibility, as long as the recordings are probative." United States v. Arango-Correa, 851 F.2d 54, 58 (2d Cir. 1988) (collecting cases).

In the instant case, the Court has conducted a preliminary review of the Recording, which ostensibly captures a conversation conducted mostly in the Indo-European tongue of Punjabi. Although the Court is not conversant with Punjabi, the Recording evidently preserves the voices of at least two men engaged in discussion. Nonetheless, there are at times significant background noises in the Recording that may render comprehension of its content difficult or impossible, even by a fluent speaker of the language. Under these circumstances, the

_____

recordings into evidence, the same procedures will apply to the determination of their admissibility.

Court cannot reach any certain conclusion with regard to the intelligibility or overall trustworthiness of the Recording. Therefore, the Court will hold an audibility hearing, at which time it can hear the defendant's objections to the competence of the Recording. See id. at 789; Monroe, 234 F.2d at 55; United States v. Botero, 93 Cr. 274 (JFK), 1993 WL 427027, at *2-*3 (S.D.N.Y. Oct. 18, 1993).

Given that the Recording apparently captures a conversation conducted largely in Punjabi, the Court requires an English-language transcript of the Recording in order to facilitate its audibility review. Cf. United States v. Buck, Nos. 84 Cr. 220 (CSH), SSS Cr. 312 (CSH), 1987 WL 17646, at *5 (S.D.N.Y. Sept. 18, 1987)(concluding that, in addition to listening to audio recording, judge may use transcript to determine whether recording is admissible under Bryant test). Moreover, in order to allow the defendant to prepare his objections to the Recording's admissibility, the Government must provide him with a copy of its final English transcription of the Recording in advance of the aforementioned audibility hearing. In accordance with its representation to the Court (Gov't Letter 5, Sept. 17, 2007), the Government shall also make available at the audibility hearing the individual who prepared the transcript of the Recording.

If the Court determines that the Recording is so unintelligible as to render it untrustworthy, it shall be deemed inadmissible; otherwise, the Recording is admissible evidence. Bryant, 480 F.2d at 790. Should the Recording be deemed admissible, the Court will allow its introduction into evidence so long as its probative value is not outweighed by its tendency to mislead the jury. See Arango-Correa, 851 F.2d at 58-59; Bryant, 480 F.2d at 790. Moreover, because large portions of the Recording are in Punjabi, the Court will permit the parties to introduce English-language transcripts of the Recording if the Recording is allowed into evidence. See United States v. Chalarca, 95 F.3d 239, 246 (2d Cir. 1996); United States v. Bahadar, 954 F.2d 821, 829-30 (2d Cir. 1992). Should a disagreement arise concerning the proper translation of the Recording, the Court will allow each party to submit an alternative transcript to the jury. United States v. Ben-Shimon, 249 F.3d 98, 101 (2d Cir. 2001); Chalarca, 95 F.3d at 246; United States v. Chiarizio, 525 F.2d 289, 293 (2d Cir. 1975). "A limiting instruction by the [Court] concerning the use of transcripts, which includes an instruction that the jury is the ultimate factfinder, should alleviate any prejudice arising from the introduction of the transcripts." Chalarca, 95 F.3d at 246.

In light of the foregoing, the Court grants the defendant's request for an audibility hearing, but denies his requests for

the exclusion of the Recording and for leave to file an additional motion to exclude the Government's transcript of the Recording. The Court's review of the audibility and probative value of the Recording shall be governed by the following procedures:

1.  The Government shall file with the Court and serve on the defendant its final English-language transcript of the Recording no later than October 9, 2007. That transcript shall identify any portions of the Recording that are unintelligible by means of the symbol "[U/I]";

2.  The defendant shall file with the Court and serve on the Government his objections to the Government's transcript no later than October 15, 2007. The defendant's objections shall specifically identify portions of the Government's transcript that he contends are unintelligible, though the Government has failed to identify them as such. The defendant's objections shall also explain why the unintelligible portions of the Recording, as identified by the defendant, are so substantial as to render the Recording as a whole untrustworthy. Moreover, the defendant's objections shall, if appropriate, elucidate why the probative value of the Recording is outweighed by its tendency to mislead the jury;

3.  The parties shall appear in Courtroom 15A at 500 Pearl Street, New York, NY 10007, on October 17, 2007, at 10:30 a.m., for purposes of holding an audibility hearing. In order to facilitate the Court's review, the Government shall make available for questioning the individual or individuals who prepared its transcript of the Recording. During the hearing, the Court will evaluate the defendant's specific objections to the Recording's audibility and probative value, and will determine whether the Recording as a whole and the Government's transcript thereof will be allowed into evidence;

4.  If the Court allows the introduction into evidence of the Recording and the Government's transcript, the defendant shall be permitted to submit his own transcript of the Recording (or relevant portions thereof) to the jury. The

defendant's transcript shall be filed with the Court and served on the Government no later than October 19, 2007;

5. If the parties seek relief from the schedule set forth above, they shall confer in order to attempt a stipulated resolution of such scheduling difficulties. Only after making a good faith effort to agree upon a different schedule shall the parties apply to the Court for relief. That application shall detail the parties' efforts to stipulate to a new schedule.

SO ORDERED.


_____
          SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE



Dated:      New York, New York
            October 3, 2007

defendant's transcript shall be filed with the Court and
served on the Government no later than October 19, 2007;

5. If the parties seek relief from the schedule set forth
above, they shall confer in order to attempt a stipulated
resolution of such scheduling difficulties. Only after
making a good faith effort to agree upon a different
schedule shall the parties apply to the Court for relief.
That application shall detail the parties' efforts to
stipulate to a new schedule.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE


Dated:     New York, New York
           October 3, 2007

7